921 So.2d 105 (2006)
STATE of Louisiana
v.
Cory D. WILLIAMS.
No. 2005-KP-1556.
Supreme Court of Louisiana.
February 17, 2006.
PER CURIAM.
Writ granted; relief denied. In State v. Williams, 01-1650 (La.11/1/02), 831 So.2d 835, this Court affirmed relator's conviction for first degree murder but pretermitted *106 review of the penalty phase which resulted in a sentence of death and remanded the case to the district court for a "hearing on the sole issue of whether the defendant is mentally retarded," and therefore exempt from capital punishment under the Supreme Court's decision in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)(Eighth Amendment precludes execution of a mentally retarded offender). We thereby revested the district court with jurisdiction to resolve the question of the defendant's mental status despite the pending appeal. La.S.Ct. Rule 28, § 5 ("The Court may remand the matter [in capital sentence review] for the development of facts relating to whether the sentence is excessive."); cf. La.C.Cr.P. art. 916 (appeal divests the trial court of jurisdiction over the case with limited exceptions). Our order implicitly conferred jurisdiction on the court to vacate relator's death sentence and to resentence him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence upon finding that relator is mentally retarded. The trial court's subsequent factual determination that relator is, in fact, mentally retarded then became final when the state chose not to exercise its right to appeal. See State v. Dunn, 01-1635, p. 31, n. 12 (La.11/1/02), 831 So.2d 862, 888 ("If the trial court determines defendant is mentally retarded and the State chooses to appeal that determination, this court remains the proper forum for that appeal.").
However, the revesting of jurisdiction in the district court was no broader than the "sole" question for which we remanded the case. The order therefore did not authorize the court to accept and consider pleadings which raised questions relating to the guilt phase of trial and assignments of error that we found lacked merit when the Court affirmed relator's conviction for first degree murder. The district court's subsequent denial for unstated reasons of relator's motion for a new trial on grounds of newly discovered evidence, and its denial of relator's motion to appeal that ruling, therefore did not deprive relator of any right or remedy he was entitled to when he presented the motion to the court for its consideration.
The court of appeal thus reached the correct result by affirming the district court's ruling that relator could not appeal from the denial of his motion. However, to the extent that the court of appeal also expressed its view of the merits of relator's motion and of the court's disposition without further evidentiary proceedings, we disavow that discussion as dicta unnecessary to the decision and of no precedential value.