DREW, J.
lx John Love Robinson was convicted of possession with intent to distribute heroin, in violation of La. R.S. 40:966(A)(1).
The defendant was convicted on January 30, 2008.
Subsequently adjudicated as a fourth-felony habitual offender, defendant was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.
Defendant appealed. His conviction was affirmed, but his habitual offender adjudication and sentence were vacated, with the matter being remanded for a new habitual offender proceeding. State v. Robinson, 46,091 (La.App.2d Cir.4/20/11), 63 So.3d 1113, writs denied, 2011-0901 (La.11/23/11), 76 So.3d 1148, and 2011-1016 (La.11/23/11), 76 So.3d 1149.
At the second habitual offender hearing, defendant was adjudicated as a second-felony offender and was sentenced to serve 40 years at hard labor, with the first five years to be served without the benefit of parole, probation or suspension of sentence. The remaining 35 years were imposed without benefit of probation or suspension of sentence.
Defendant now appeals his habitual offender adjudication and sentence.
*753 Finding no merit to the confusing and repetitive pro se assignments of the defendant, we dispose of each adverse to his position. We further vacate the habitual offender adjudication and remand for further proceedings.[1]
| .FACTS
On January 30, 2008, defendant was convicted at jury trial of possessing heroin with intent to distribute, the crime having occurred on January 5, 2006.
On March 3, 2008, the state filed a habitual offender bill of information charging the defendant as a fourth-felony habitual offender.
On February 5, 2009, Robinson was sentenced to 20 years at hard labor without benefits, and ordered to pay a fine of $20,000.00 and court costs, or in default thereof to serve three years in the parish jail.[2]
On November 12, 2009, the habitual offender hearing was held.
On December 17, 2009, the trial court adjudicated him as a fourth-felony habitual offender.
On March 8, 2010, Robinson was sentenced to serve life imprisonment without the benefit of parole, probation or suspension of sentence.
Robinson appealed, arguing the following: (1) that the trial court erred in denying his motion to suppress; (2) that the defendant was denied his right to a fair trial; and (3) that the trial court erred by adjudicating the defendant a fourth-felony habitual offender. Robinson’s conviction was affirmed, but this court determined that the trial court committed error patent by failing to advise the defendant of his right to remain silent prior to his habitual offender hearing. Therefore, the defendant’s admission that he | .committed one of the predicate offenses was improperly obtained. Accordingly, the case was remanded for a new habitual offender hearing and resentencing. The Louisiana Supreme Court denied Robinson’s request for review. Accordingly, his conviction is final.
On December 5, 2011, the trial court conducted a new habitual offender hearing, as ordered by this court.
Deputy Owen McDonnell, an expert in fingerprint analysis, identified the exhibit previously admitted as State’s Exhibit 1, a set of fingerprints taken from Robinson at the previous habitual offender hearing. McDonnell then identified the exhibit previously admitted as State’s Exhibit 2, an FBI fingerprint card relating to a Shreveport, January 5, 2006, arrest of a “John L. Robinson” for distribution of heroin. Deputy McDonnell stated that he compared State’s Exhibit 1 and 2 and concluded that the fingerprints on each were made by the defendant.
McDonnell also identified an exhibit previously admitted into evidence, as State’s Exhibit 3, a packet from Smith County, Texas, 114th District Court, relating to a guilty plea for possession of a controlled dangerous substance on June 29, 1998. He testified that the fingerprints found in State’s Exhibit 3 matched those from State’s Exhibit 1. The judgment for the conviction, however, did not specify that Robinson was apprised of his right to remain silent prior to pleading guilty.
*754 McDonnell identified an exhibit previously admitted into evidence as State’s Exhibit 4, a packet containing a judgment from the United States District Court, Western District of Louisiana, dated March 16, 1988, [ indicating guilty verdicts for a “John L. Robinson” for one count of possession with intent to distribute cocaine, two counts of possession of marijuana, and one count of use of firearms during a drug trafficking crime. The packet also contained an indictment for the four charges and a separate laminated fingerprint card, created by the DEA, relating to an arrest on August 19, 1987, for possession of cocaine with intent to distribute, possession of marijuana and the use of a firearm during commission of a drug felony. The judgment of conviction revealed that Robinson was sentenced to serve the following: (1) 10 years’ imprisonment for the possession with intent to distribute cocaine conviction, and five years’ supervised probation following release from that term; (2) two years’ imprisonment for the first count of possession of marijuana; (3) two years’ imprisonment for the second count of possession of marijuana; and (4) five years’ imprisonment, without the benefit of probation, parole or suspension of sentence for the use of a firearm during commission of a drug felony conviction. All sentences were ordered to be served concurrently with the other sentences. The packet did not indicate when Robinson was discharged from custody or supervision. This is a crucial point.
McDonnell matched the fingerprints on the fingerprint card in State’s Exhibit 4 with the fingerprints in State’s Exhibit 1.
McDonnell identified an exhibit previously admitted into evidence as State’s Exhibit 5, a packet containing a judgment from the United States District Court, Northern District of Texas, finding a “John L. Robinson” guilty of possession of phenmetrazine tablets and cocaine, dated February [⅞13, 1981. The packet also contained a fingerprint card for an arrest for possession with intent to distribute heroin on November 7,1980. McDonnell testified that the fingerprints on the fingerprint card in State’s Exhibit 5 matched those on State’s Exhibit l.[3] The trial court deferred its ruling to a later date.
On December 7, 2011, the trial court ruled that the June 29, 1998, possession conviction could not be used by the state as a predicate offense because the record failed to indicate that Robinson was advised of his right to remain silent prior to pleading guilty in that matter. The trial court further held that the 1981 conviction for possession of phenmetrazine tablets and cocaine could not be utilized because the state failed to prove the connection between the conviction and the arrest card (containing Robinson’s fingerprints) for possession with intent to distribute heroin. The trial court adjudicated Robinson as a second-felony offender based on his 1988 convictions for one count of possession with intent to distribute cocaine, two counts possession of marijuana, and one count of use of firearms during a drug trafficking crime. The trial court noted that Robinson had been sentenced to serve 10 years and 5 years, consecutive, for the 1988 convictions. The trial court then determined that the 10-year cleansing period had not lapsed. Following Robinson’s adjudication as a second-felony offender, the trial court sentenced him to serve 40 years at hard labor, with the first five years to be served without the benefit of | ^probation, parole or suspension of sen *755 tence. The trial court noted that the sentence was appropriate given the details provided in Robinson’s presentence investigation report, especially his extensive criminal history.
On December 9, 2011, Robinson filed a motion to reconsider sentence, arguing that his sentence was excessive given his age, lack of education and physical condition. The motion was denied on that date, and defendant filed a pro se appeal.
DISCUSSION
I.Adjudication
Defendant contends that the trial court erred by adjudicating him a second-felony offender because the state failed to prove that the 10-year cleansing period, as provided for in La. R.S. 15:529.1(0), between his release from his February 2, 1988, convictions and the commission of the instant offense, occurring on January 5, 2006, had not lapsed. Defendant admits that he did not object to the adjudication at the time of the ruling, but argues that the state’s failure to prove that a cleansing period has not expired is error patent on the face of the record. The issue is error patent. See State v. Davis, 41,245 (La.App.2d Cir.8/9/06), 987 So.2d 5.
The state concedes that it failed to prove the discharge date for defendant’s 1988 felony convictions, and recommends that the matter be remanded to the trial court for further proceedings.
La. R.S. 15:529.1(0) provides in pertinent part:
The current offense cannot be counted as a second, third, fourth or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses |7and the expiration of the maximum sentence or sentences of the previous conviction or convictions.
The 10-year “cleansing period” begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Davis, supra; State v. Metoyer, 612 So.2d 755 (La.App. 5th Cir.1992). The state has the burden of proving the date of defendant’s discharge from state supervision. Id. Where a defendant has been adjudicated a habitual offender, the state’s failure to prove the defendant’s date of discharge and thus prove that the “cleansing period” has not expired is error patent on the face of the record. Id.; State v. Timmons, 43,602 (La.App.2d Cir.10/22/08), 998 So.2d 145.
The record in this matter fails to prove defendant’s discharge date from his 1988 convictions — an error patent. State v. Davis, supra. Because the instant crime was committed in 2006, defendant’s discharge date is critical in determining whether the “cleansing period” has lapsed. Accordingly, pursuant to State v. Davis, supra, defendant’s habitual offender adjudication and sentence must be vacated and the case remanded to determine defendant’s status as a habitual offender and for resentencing.
II. Excessiveness
The foregoing ruling pretermits any consideration of excessiveness, as that issue is moot until the defendant is validly adjudicated and sentenced.
III. Pro Se Assignments
Each pro se assignment of error is without merit. We dispose of each issue.

IsShort Form Bill of Information

Defendant argues that the bill of information charging him with possession with intent to distribute heroin was defective because it did not contain more specific *756 allegations relating to the commission of the offense, particularly, the amount of heroin involved.
La. C. Cr. P. art. 463 sets forth the form that a bill of information may follow and provides that the “particulars of the offense may be added.” State v. Yossett, 41,926 (La.App.2d Cir.4/25/07), 956 So.2d 109, writ denied, 2007-1110 (La.11/21/07), 967 So.2d 1155. A bill of information must set forth an identifiable offense and inform defendant of the statutory basis of the offense, but need not set out detailed facts constituting violation since those facts can be given to defendant by answers to a bill of particulars. Id.
La. C. Cr. P. art. 859 provides that the court shall arrest the judgment only when the indictment is substantially defective because an essential averment is omitted, or when the verdict is not responsive to the indictment. An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841.
The requirements for the contents of a bill of indictment or information are provided in La. C. Cr. P. art. 464, which states:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
 There is no jurisprudence requiring that a bill of information charging a person with possession with intent to distribute heroin (or any other controlled dangerous substance) must specify the quantity of drugs.
Defendant’s conviction became final in this matter November 23, 2011, when the Louisiana Supreme Court denied his writ application seeking review of his conviction. Therefore, defendant is no longer entitled to seek appellate review of issues concerning procedural irregularities relative to his conviction.[4]
We further note that defendant did not object to the bill of information before verdict was rendered in this case. Additionally, the bill of information is not defective; it states the correct name of the offense, statute number and a date of the offense. The bill of information provided defendant with sufficient notice that he was being charged with possession with intent to distribute heroin.

Deficient Bill of Particulars

This claim is not understandable, though it reads as actually targeting the ruling on the motion to suppress. This repetitive claim is clearly mooted by the finality of his conviction. He has already had his review on this issue.

Failure to Adhere to Bill of Particulars

This assignment is actually an excessive sentence claim. Since we are remanding the case for further proceedings, defendant will be sentenced again in the trial court. This issue is not properly before the court.
*757 ImDECREE
Defendant’s pro se assignments of error are all denied.
The habitual offender adjudication and sentence are vacated, and the matter is remanded for further proceedings.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, DREW, MOORE and HARRISON (Pro Tempore), JJ.
Rehearing denied.
SENTENCE VACATED AND REMANDED.

. This disposition is conceded by the district attorney.

. Sentencing information was gleaned from the minutes because the record did not contain a transcript of the sentencing. At a later hearing, the court stated that the defendant was fined $3,000.00 rather than $20,000.00.

. The previously admitted exhibits were again admitted into evidence as State's Exhibits 1-5. The trial court also admitted a package from the FBI containing various fingerprint cards relating to a "John L. Robinson” as State's Exhibit 6.

. La. C. Cr. P. art. 922(D) provides:
If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.