DREW, J.
11 John Love Robinson was convicted by a unanimous jury of the crime of possession of heroin with intent to distribute. This court has previously affirmed his conviction, though we have twice vacated habitual offender adjudications and sentences, remanding each time.
Robinson has been sentenced in this matter a total of four times. His first and his latest sentencing were assessed solely for the commission of this crime, with no habitual offender adjudication to consider.
Robinson appeals, and we now review, his 50-year hard labor sentence, five years of which were ordered to be served without benefits. He also was assessed a fine of $25,000, or in default of payment, to serve 60 days in jail. We vacate the sentence, and remand again.
FACTS
The facts of this case have been set out in our previous opinions.[1] At the latest sentencing, January 17, 2013, the trial court stated that:
• it had reviewed the sentencing guidelines in La. C. Cr. P. art. 894.1, the presen-tence investigation report, and Robinson’s criminal history;
• a lesser sentence would deprecate the seriousness of the offense;
• this was a controlled dangerous substance offense from which the offender obtained substantial income from ongoing drug activities;
• Robinson had been involved in similar offenses for 30 years;
• the state could file an habitual offender bill, if it wished;
• rehabilitation is not a realistic goal in Robinson’s case;
• Robinson was 66 years old and would keep breaking the law; and
• |2in years past, the crime of conviction carried a life sentence.
•A motion to reconsider sentence based on excessiveness[2] was denied without reasons and without a hearing. This appeal followed.
1. INCREASING SENTENCE AFTER SUCCESSFUL APPEALS
Citing State v. Mosley, 08-1319 (La.App. 5th Cir.5/26/09), 16 So.3d 398, Robinson urges that the just and equitable thing for the trial court to have done would have been to reinstate the original sentence. He also urges, citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that the trial court provided no justification or reasons for the increased sentence and was merely being vindictive.
The state responds that:
• reinstatement of the original sentence is not required under our law;
*1232 • increased sentences need not be based on post-sentencing conduct;
• the original sentence was assessed without the court knowing of the defendant’s horrific criminal history over many decades;
• Robinson’s age should not be a mitigating factor, in that he is a hardened criminal, insusceptible to rehabilitation;
• a vital distinction between his (third) 40-year sentence, as compared with his (fourth) 50-year sentence, is that the 40-year sentence was imposed as a second-felony offender and the 50-year sentence was imposed as a first-felony offender; and
• persons sentenced as first-felony offenders receive more favorable parole consideration than habitual offenders, meaning that the 50-year sentence could actually result in a shorter period of incarceration than the 40-year habitual offender sentence.
In North Carolina v. Pearce, supra, overruled in part by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the [.^Supreme Court held that the Due Process Clause of the Fourteenth Amendment prevented increased sentences when the increase was motivated by vindictiveness on the part of the sentencing judge.[3]
In Pearce, the court established a presumption of vindictiveness when a court imposes a more severe sentence upon a defendant who successfully appeals a previous sentence. This presumption can be overcome by objective information in the record justifying the increased sentence. See Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984); State v. Rodriguez, 550 So.2d 837 (La.App. 2d Cir.1989).
In Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Supreme Court held that nothing in the constitution requires a judge to ignore objective information justifying an increased sentence.
In State v. Rodriguez, supra, this Court upheld an increased sentence imposed on a defendant because of new, objective information concerning the defendant’s extensive prior criminal record, which was contained in a revised presentence investigation report that was not available to the first sentencing judge, thus defeating any claim of vindictiveness.[4]
This record is bereft of objective information justifying the increase in the sentence initially pronounced by the trial court.
|4The defendant has been sentenced[5] four separate times in this case:
1. 20 years at hard labor, all without benefit of parole, probation, or suspension of sentence, plus a fine of $20,000 and court costs, or serve three years (later reduced to one) in default;[6]
2. life imprisonment at hard labor without benefit of parole, probation, or sus *1233 pension of sentence, as a fourth-felony habitual offender;[7]
3. 40 years at hard labor, with five years to be served without benefits, as a second-felony habitual offender;[8] and
4. the current maximum 50 years at hard labor, five years of which to be served without benefits, plus 60 days of default time in lieu of payment of a $25,000 fine.[9]
We know that the presentence investigation report was completed five months before the first sentencing. We do not know when the trial court actually reviewed the PSI. This record is unclear as to what additional information the trial court had at the fourth sentencing,[10] as contrasted with what the court previously knew at the first sentencing.
II. ILLEGAL SENTENCE
A.Parole Eligibility
This crime occurred on January 5, 2006, at which time the offense did not restrict parole eligibility. Robinson urges that the trial court erred in | ¿imposing such a restriction. The state concedes that Robinson is correct.
B. Default Jail Time
The parties also agree that the trial court erred by imposing default jail time for nonpayment of the fine. Since Robinson was represented by appointed counsel at all stages of the proceedings, including his many appeals, his indigence is presumed.[11] He is thus also correct on this point.[12]
C. Constitutional Excessiveness
Robinson contends that the trial court:
• imposed an excessive sentence upon re-sentencing him;
• did not properly consider that he is 67 years old and nonviolent;
• ignored that the amount of heroin recovered (4.07 grams) was small, that only $657 was recovered from his home, and *1234 that he has a drug problem, but is not a drug dealer;
• imposed a sentence grossly out of proportion to this crime; and
• did not consider that he needs rehabilitation for his drug addition, which can best be served in a noncustodial environment.
The state responds that the current sentence is appropriate for a man with this 30-year criminal history in the state and federal courts of Texas and Louisiana. The state further urges that nothing here indicates that this ^career criminal has changed his ways. Though the state is entirely correct that this defendant may be deserving of a harsh sentence, we find that the current sentence is illegal on its face, because:
• Robinson’s current sentence exposes him to a longer period of incarceration than is allowed by the statute of conviction; and
• the increased term of imprisonment, compared with that ordered at the first sentencing, is not justified by this record.
Our law on the appellate review of sentences is well settled.[13]
*1235 J^III. ANALYSIS OF THE CURRENT SENTENCE
Even though this defendant’s criminal history is horrific[14] and could justify a near-maximum or maximum sentence, we must review the present 50-year sentence in contrast with the initial 20-year sentence,[15] not with the two intervening habitual offender sentences we have previously vacated.
The trial court improperly imposed the initial 20-year hard labor sentence with denial of all benefits. The trial court further improperly ^exacted three years of default time upon failure to pay the fine and costs.
After two successful appeals, Robinson was again sentenced by the trial court for only the original conviction. Whereas the first sentence was 20 years, the current sentence is 50 years. There is nothing in the record that justifies such an increase. We cannot see that anything was known at the fourth sentencing that was not known at the first.
Accordingly, we vacate the sentence again, and remand for resentencing. The trial court is directed to sentence the defendant to no more than 25 years at hard labor, with no parole restrictions, and no default imprisonment for nonpayment of the fine and costs.
IV. PRO SE ASSIGNMENTS OF ERROR
The defendant’s two pro se assignments have no merit.[16]
*1236 DECREE
SENTENCE VACATED, REMANDED WITH INSTRUCTIONS TO SENTENCE TO NO MORE THAN 25 YEARS AT HARD LABOR, WITH NO PAROLE RESTRICTIONS, AND NO DEFAULT IMPRISONMENT FOR NONPAYMENT OF FINES AND COSTS.

. State v. Robinson, 46,091 (La.App.2d Cir.4/20/11), 63 So.3d 1113, writs denied, 2011-0901 (La.11/23/11), 76 So.3d 1148, and 2011-1016 (La.11/23/11), 76 So.3d 1149; and State v. Robinson, 47,427 (La.App.2d Cir. 10/3/12), 105 So.3d 751.

. Reconsideration was urged on grounds that the trial court did not adequately consider Robinson’s age, and that his actions were not violent, endangering no one.

. We do not find that the trial court was vindictive. What we do know is that this record does not justify such a drastic increase in the terms of defendant’s imprisonment.

. See also State v. Davis, 552 So.2d 524 (La.App. 2d Cir.1989), where this Court found that the defendant’s post-arrest involvement with drugs, as well as her lack of truthfulness about that conduct, were legitimate sentencing considerations that objectively justified the increased sentence and overcame any presumption of vindictiveness.

. The transcript of March 8, 2010, contains comments relative to another judge having initially sentenced the defendant, “to get him on state time.” The minutes, however, reflect that the same judge sentenced this defendant on all four occasions.

. The record before us lacks a transcript of the original sentencing. This original sen *1233 tence was vacated in preparation for sentencing as an habitual offender.

. This was a mandatory sentence. See La. R.S. 15:529.1. It was vacated on appeal.

. The sentencing range for Robinson, as a second-felony offender convicted of possession with intent to distribute heroin, was not less than 25 years and not more than 100 years at hard labor. See La. R.S. 15:529.1. This sentence was vacated on appeal.

. This is the maximum prison time permitted under La. R.S. 40:966(B)(1).

. The state notes that this 50-year sentence could actually turn out to be less of a penal sanction than the penultimate 40-year sentence as a second offender.

. In 2006, La. R.S. 40:966(B)(1) provided that a person convicted of possession with intent to distribute heroin shall be sentenced to serve not less than five, nor more than 50 years at hard labor, with at least five years to be served without the benefit of probation or suspension of sentence, and may, in addition, be required to pay a fine of not more than $50,000. There was no prohibition against parole.

.An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Fortune, 46,522 (La.App.2d Cir.9/21/11), 72 So.3d 1000.
A defendant’s claim of indigence may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Fortune, supra. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney, or the Louisiana Appellate Project, the court may conclude that the defendant is indigent. See State v. Fortune, supra.

. Appellate courts utilize a two-pronged test in reviewing excessiveness claims. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows, an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Pamilton, 43,112 (La.App.2d Cir.3/19/08), 979 So.2d 648, writ denied, 2008-1381 (La.2/13/09), 999 So.2d 1145; State v. Boyte, 42,763 (La.App.2d Cir. 12/19/07), 973 So.2d 900, writ denied, 2008-0175 (La.6/20/08), 983 So.2d 1272. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be consid *1235 ered even in the absence of proof the defendant committed the other offenses. State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40.

.Consider these notes, gleaned from the defendant’s August 18, 2008, PSI:
• He has a juvenile record, and as a young adult he paid a fine or forfeited a bond on several misdemeanor charges of disturbing the peace.

12 YEARS PASS

• November 1980 — (Dallas) Possession of cocaine and phenmetrazine reduced to a first class misdemeanor; one-year sentence, six months suspended; four years’ supervised probation.
• November 1980 — (Fort Worth) Possession of heroin with intent to distribute; one-year sentence, six months suspended; four years’ supervised probation — released from probation 48 days after his sentence.
• November 1983 — Assault and battery on a police officer — found guilty at trial; sentenced to 15 days on a work program.
• May 1985 — Arrested for attempted second degree murder; pled guilty to simple battery; six months suspended, two years probation, later revoked.
• August 1987 — Committed four crimes — ■ found guilty in February 1988;
1.Possession of cocaine with intent to distribute; 10 years’ federal custody, with five years’ special parole to follow.
2. Possession of marijuana — Two years, concurrent with cocaine sentence above.
3. Possession of marijuana — Two years, concurrent with cocaine sentence above.
4. Use of a firearm in a drug felony — five years without benefits, to run consecutively to the three other charges.
Total of 15 years

A DECADE PASSES

• November 1997 — Possession of cocaine; sentenced in June 1998 to 35 years in the Texas Department of Corrections.

8 YEARS PASS

• January 2006 — Possession of heroin with intent to distribute; found guilty two years later. This is what we are dealing with today.

. The original 20-year hard labor sentence, all ordered served without benefits, would be more severe than a straight-up 20-year hard labor sentence, imposed without parole restrictions. Even though the first sentence was invalid, we do note that the time served by the defendant, had that sentence been legal, would have far exceeded that which he would have served with a 20-year hard labor sentence subject to parole.

. (1) Lack of an indictment. Robinson argues that he should have been charged by indictment, instead of an information. At the time he committed his crime, this statute did *1236 not require life or death. Under La. C. Cr. P. art. 382, only offenses punishable by death or life imprisonment need be instituted by a grand jury indictment.
(2) Classification as an habitual offender. Robinson is apparently confused, as this argument is moot. There is no habitual offender adjudication before us.