WILLIAMS, J.
| tThe defendant, John Love Robinson, was charged by bill of information with possession of a Schedule I controlled dangerous substance (heroin) with intent to distribute, a violation of LSA-R.S. 40:966(A)(1). He was found guilty as charged. The trial court ordered the defendant to pay a fine in the amount of $5,000 and court costs, and to serve 25 years at hard labor,.with the first five years to be served “without benefit as per the statute.” However, the minutes incorrectly reflect that the defendant was sentenced to serve 25 years with “five (5) years of the sentence served without benefit of probation, parole or suspension of sentence.” For the following reasons, we affirm the defendant’s sentence; however, we remand this matter to the trial court with instructions to amend the court minutes to correctly reflect that, pursuant to LSA-R.S. 40:966, the first five years of the defendant’s sentence are to be served without the benefit of probation or suspension of sentence.
FACTS
On January 30, 2008, the defendant was found guilty of possession of heroin with intent to distribute. On February 5, 2009, the trial court sentenced the defendant to serve 20 years at hard labor without the benefit of probation, parole or suspension of sentence and ordered him to pay a fine of $20,000, plus court costs, or serve three years (later reduced to one year) in default of payment thereof. The trial court subsequently vacated this sentence because the state filed a habitual offender bill of information against the defendant.
Thereafter, the defendant was adjudicated a fourth-felony offender |?and was sentenced to serve life in prison at hard labor without the benefit of probation, parole or suspension of sentence. On appeal, this Court affirmed his conviction, vacated the habitual offender adjudication/enhanced sentence and remanded the matter for a new habitual offender proceeding. State v. Robinson, 46,091 (La.App.2d Cir.4/20/11), 68 So.3d 1113, twits denied, 2011-0901 (La.11/23/11), 76 So.3d 1148 and 2011-1016 (La.11/23/11), 76 So.3d 1149 (“Robinson I”).
On remand, the trial court adjudicated the defendant a second-felony offender and sentenced him to serve 40 years in prison, with the first five years to be served without the benefit of probation, parole or suspension of sentence, and the remaining 35 years to be served without the benefit of probation or suspension of sentence. Following another appeal, this Court again vacated the habitual offender adjudication and remanded for further proceedings. State v. Robinson, 47,427 (La.App.2d Cir.10/3/12), 105 So.3d 751 (“Robinson II”).
Following remand, the state elected not to seek a habitual offender adjudication. The trial court imposed a sentence of 50 years at hard labor, with the first five years to be served without the benefit of probation, parole or suspension of sentence. The court also ordered the defendant to pay a fine in the amount of $25,000, or in default of payment, to serve 60 days in jail. On appeal, this Court again vacated the defendant’s sentence and remanded *630 the matter, instructing the trial court to “sentence the defendant to no more than 25 years at hard labor, with no parole restrictions, and no default imprisonment for nonpayment of the fíne and costs.” State v. Robinson, 48,429 (La.App.2d Cir.9/25/13), 125 So.3d 1228, 1235, writ denied, 2013-2546 (La.4/4/14), 135 So.3d 640 (“Robinson III”).
The most recent sentencing hearing was conducted on October 31, 2013, during which the court imposed the current sentence. During sentencing, the trial court stated the following:
We need to vacate any and all sentences if they have not been previously vacated. Pursuant to the Second Circuit’s ruling, this Court hereby sentences Mr. Robinson to 25 years at hard labor. The first five [years] will be without benefit as per the statute.
The court also ordered the defendant to pay a fine in the amount of $5,000, plus court costs. However, the court minutes in the record provide that the court sentenced the defendant to serve 25 years with “five (5) years of the sentence served without benefit of probation, parole or suspension of sentence.”
On December 3, 2013, the lower court denied the defendant’s motion to reconsider sentence.
The defendant appeals.
DISCUSSION
The defendant contends the sentence imposed is constitutionally excessive. He argues that, for a person of his age (66 at the time of the offense), his sentence amounts to a life sentence. He also argues that he is a non-violent offender and the amount of heroin recovered from his home (4.07 grams) was not substantial.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took |4cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,-855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.
Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, wñt denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more 15than a purposeless and needless infliction of pain and suffer *631 ing. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
In 2006, when the defendant was arrested and charged, LSA-R.S. 40:966(B)(1) provided that a person convicted of possession with intent to distribute heroin “shall be sentenced to serve not less than five, nor more than 50 years at hard labor, with at least five years to be served without the benefit of probation or suspension of sentence[.]” Additionally, the statute provided that the person so convicted “may” be required to pay a fine of not more than $50,000.
The transcript from the defendant’s most recent sentencing hearing reveals that the trial court did not articulate reasons for the current sentence imposed. However, this Court has reviewed the record in its entirety — which includes the records from the defendant’s previous sentencings which were admitted into evidence as exhibits to the instant record— and we find that the record and exhibits provide an adequate factual basis for the | ^sentence. The district court has now sentenced the defendant a total of five times in this matter, twice as a habitual offender, and it has previously provided ample reasons for the sentence imposed. Specifically, the court has noted the following: the defendant’s criminal history; the crime of conviction is a controlled dangerous substance offense; the defendant obtained substantial income from his ongoing drug activities; rehabilitation is not a realistic goal for the defendant; and the defendant would continue to engage in criminal activities if released.
Our review of the record reveals that the defendant’s substantial criminal history spans more than 30 years, in state and federal courts, in both Louisiana and Texas. His extensive criminal history includes arrests for attempted second degree murder and second degree battery, and convictions for possession of cocaine and phenmetrazine, possession of heroin with intent to distribute, assault and battery on a police officer, simple battery, possession of cocaine with intent to distribute, possession of marijuana, use of a firearm in a drug felony, and another possession of cocaine conviction.
We find that the 25-year sentence was imposed in accordance with this Court’s instructions and is not constitutionally excessive. Considering the defendant’s extensive criminal history (particularly his propensity to commit crimes similar to the instant offense), the mid-range sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate to the severity of the offense. We find no abuse of the trial court’s discretion in the sentence before us on appeal. Accordingly, this |7assignment is without merit.

Pro Se Assignments of Error

The defendant contends the state erroneously charged him by bill of indictment. He argues that he should have been charged by a grand jury indictment.
*632 The defendant raised this argument in a prior appeal, Robinson III. Noting LSA-C.Cr.P. art. 382, this Court determined that the claim was without merit.[1] The defendant’s conviction became final on November 23, 2011, when the Louisiana Supreme Court denied his writ application. Therefore, the defendant is no longer entitled to seek review of issues concerning his conviction which were raised by him in a previous appeal.
The defendant also contends the trial court improperly classified him as a fourth-felony offender. He also contends the court lacked jurisdiction to resentence him or to amend or modify his original 20-year sentence. He argues that he had already begun serving his sentence after his second appeal, Robinson II; thus, the trial court no longer had jurisdiction.
The defendant’s previous habitual offender adjudication/enhanced sentence is not presently before this Court for review. Both of the defendant’s habitual offender adjudications and sentences were vacated by this Court in prior decisions. Following Robinson II, the state elected not to Isfile a habitual offender bill. Moreover, prior to imposing the current sentence, the trial court specifically “vacatefd] any and all” prior sentences.[2] This assignment lacks merit.
Next, the defendant contends in his third appeal, Robinson III, this Court erred in instructing the trial court to sentence him to no more than 25 years in prison. He argues that this Court improperly increased and amended his original 20-year sentence, and deprived him of the right to have .the trial court exercise its sentencing discretion.
If the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentencing by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose. LSA-C.Cr.P. art. 881.4(A).
In Robinson III, this Court reviewed the record, taking great care to review the sentence imposed (50 years) “in contrast with the initial 20-year sentence[.]” Following its review, this Court remanded this matter with “direction to the trial court concerning the proper sentence to impose” as expressly permitted under LSA-C.Cr.P. art. 881.4. Contrary to the defendant’s assertions, this Court did not increase or amend the defendant’s 50-year sentence by providing such instructions. Thereafter, the defendant filed a writ application with the Supreme Court; the writ was denied. Thus, this Court’s ruling and instructions set forth in Robinson III, are now final 19decisions. This assignment lacks merit.
*633 Further, the defendant contends his original 20-year sentence was illegal. He argues that the trial court illegally ordered the sentence to be served without the benefit of parole.
In Robinson III, we noted that the defendant’s original 20-year sentence was illegal. We also noted that the sentence had been vacated in preparation of the sentencing as a habitual offender. Moreover, as stated above, prior to imposing the current sentence, the trial court expressly vacated “any and all” prior sentences. This assignment is without merit.
ERRORS PATENT
In 2006, when the defendant’s crime was committed, LSA-R.S. 40:966(B)(1) provided for a sentence of imprisonment with at least five years of the sentence to be served without the benefit of probation or suspension of sentence. The statute did not contain any prohibition against parole.
With regard to the current 25-year sentence, the trial court ordered that the first five years of the sentence be served “without benefit as per the statute.” The trial court did not expressly state that the first five years of the sentence were imposed without the benefit of parole.
Nevertheless, the minutes incorrectly reflect that five years of the defendant’s current sentence were imposed without the benefit of parole, probation or suspension of sentence. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Rankin, 42,412 (La.App.2d Cir.9/19/07), 965 So.2d 946, writ denied, 2007-2067 (La.3/7/08), 977 So.2d 897. Therefore, we remand this matter to the trial court with instructions to amend the minutes to accurately reflect the sentence actually imposed.
CONCLUSION
The defendant’s conviction and sentence are affirmed. The trial court is hereby instructed to amend the court minutes to correctly reflect that the first five years of the defendant’s sentence were not imposed without the benefit of parole.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment shall be instituted by a grand jury indictment. Other criminal prosecutions in a district court shall be instituted by indictment or by information. LSA-C.Cr.P. art. 382(A).
In 2006, when the defendant committed this offense, possession with intent to distribute heroin was not punishable by death or life imprisonment. See LSA-R.S. 40:966(B)(1). Therefore, the state was not required to charge the defendant by grand jury indictment.

. Further, the defendant correctly pointed out that the jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. LSA-C.Cr.P. art. 916(A). However, this Court vacated the defendant’s prior sentences and remanded the matter to the trial court. The defendant then filed a writ application in the Supreme Court; the application was denied. Thereafter, the trial court, based on this Court's remand, was revested with jurisdiction to resentence the defendant. See, State v. Williams, 2005-1556 (La.2/17/05), 921 So.2d 105.