PITMAN, J.
h Defendant John Love Robinson was convicted by a unanimous jury of possession with intent to distribute heroin and *677 sentenced six separate times. He was adjudicated a second-felony habitual offender and sentenced to 50 years at hard labor, with the first 5 years to be served'without the benefit of parole, .probation or suspension of sentence. Defendant now appeals that sentence. For the following reasons, Defendant’s sentence is hereby amended to delete the restriction on parole and, as amended, is affirmed.
FACTS
Following is a summary of the facts, including those pertaining to Defendant’s four previous appeals of his conviction and sentence.
On January 5, 2006, officers of the Shreveport Police Department, along with the SWAT team, executed a “no knock” search warrant at Defendant’s residence. Upon the officers’ entry, Defendant ran into a bathroom and attempted to flush a heroin-filled balloon. After searching the house, the officers found seven additional heroin-filled balloons underneath the house in the pipe leading from the toilet and another one insidé the house behind a floor heater, totaling 4.07 grams of heroin, as well as $657 and digital scales.
On January 30, 2008, following a jury trial, Defendant was convicted of possession with intent to distribute heroin, in violation of La. R.S. '40:966(A)(1), On February 5, 2009, the trial court sentenced him to 20 years at hard labor without the benefit of parole, probation or suspension of sentence and ordered him to pay a fine of $20,000 plus court .costs, or Lserve 3 years (but later reduced to 1 year) in default.[1] However, the trial court then adjudicated Defendant a fourth-felony habitual offender; and, on March 8, .2010, he was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.[2] .
On appeal, this court affirmed Defendant’s conviction, but found that the trial court committed error patent by failing to properly advise him'of his right to remain silent at the habitual offender hearing. Therefore, we vacated the habitual offender adjudication and sentence and remanded the matter for a hew habitual offender proceeding. State v. Robinson, 46,091 (La.App.2d Cir.4/20/11), 63 So.3d 1113, writs denied, 11-0901 (La.11/23/11), 76 So.3d 1148, and 11-1016 (La.11/23/11), 76 So.3d 1149 (“Robinson I ”).
Following remand, the trial court conducted a new habitual offender hearing. On December 7, 2011, it adjudicated Defendant a second-felony habitual offender and sentenced him to 40 years at hard labor, with the first 5 years to.be served without the benefit of parole, probation or suspension of sentence.[3]
Defendant appealed. Finding that the state failed to prove Defendant’s discharge date from the prior conviction, this court again ^vacated the habitual offender adjudication and sentence and remanded the matter for further proceedings. State v. Robinson, 47,427 (La.App.2d Cir.10/3/12), 105 So.3d 751 (“Robinson II ”).
*678 Following remand, the state elected not to seek a habitual offender adjudication. On January 17, 2013, the trial court sentenced Defendant to 50 yéars at hard labor, with- the first 5 -years to be served without the benefit of parole, probation or suspension of sentence and ordered him to pay a fine of $25,000 plus court costs, or serve 60 days in default.[4]
On appeal, this court reviewed Defendant’s “50-year sentence in contrast with his original 20-year sentence, not with the two intervening habitual offender sentences,” and concluded that there was no objective information, in the record to justify the increase in Defendant’s sentence from 20 years to 50 years. Therefore, we vacated Defendant’s sentence and remanded the matter to the trial court with instructions to sentence Defendant to no more than 25 years at hard, labor, with no parole restrictions, and no default imprisonment for nonpayment of the fine and costs. State v. Robinson, 48,429 (La. App.2d Cir.9/25/13), 125 So.3d 1228, writ denied, 13-2546 (La.4/4/14), 135 So.3d 640 ("Robinson III”).
I ¿Following remand, on October 31, 2013, the trial court sentenced Defendant to 25 years at hard labor, with the first 5 years to be served “without benefit as per the statute” and ordered him to pay a fine of $5,000 plus court costs, “with zero days in lieu” of default. At the hearing, the state informed the trial court of its intention to proceed with a habitual offender adjudication.
On appeal, this court affirmed Defendant’s sentence. However, because the minutes indicated that the first five years of the sentence were to be served without the benefit of parole, we remanded the matter to the trial court with instructions to eliminate the parole restriction concerning the first five years of Defendant’s sentence. State v. Robinson, 49,319 (La. App.2d Cir.10/1/14), 151 So.3d 627, unit denied, 14-2111 (La.5/1/15), 169 So.3d 371 (“Robinson TV”).
While Robinson IV was pending before this court, habitual offender hearings were conducted on August 18, 2014, and October 24, 2014. Thereafter, the trial court adjudicated Defendant a second-Telony habitual offender based .on his 1988 convictions for one count of possession with intent to distribute cocaine, two counts of possession of marijuana and one count of use of a firearm during a drug felony from the United States District Court, Western District of Louisiana.[5]
*679 |fiOn October 30, 2014, the sentencing hearing was held. The trial court noted that, although Defendant was adjudicated only a second-felony offender, he has ah extensive criminal history spanning over 30 years. It stated that it considered the presentence investigation report and the sentencing factors set forth in La. C. Cr. P. art. 894.1 and believed that a significant period of incarceration was necessary. As aggravating factors, it stated that Defendant was selling heroin, one of the worst known drugs, for a profit; that he is a career criminal; that some of his' prior offenses were violent or involved guns; and that rehabilitation was unlikely, noting that Defendant was on federal parole when he committed the instant offense. However, the trial court also noted' that Defendant’s age, 67 years,‘was a mitigating factor. Considering the above, it sentenced Defendant, as a second-felony offender, to 50 years at hard labor, with the. first 5 years to be served without the benefit of parole, probation or suspension of sentence.
On November 19, 2014, Defendant filed a motion to reconsider-sentence, arguing that it is excessive and that the trial court failed to adequately consider his age, that his actioiis were not violent and that no one was endangered by his actions. He also noted that this court had stated that there were to be no parole restrictions. The trial court denied the motion without reasons.' • •
Defendant also filed a pro se motion entitled “Motion to Deviate the Constitutionally-Excessive Second Offender Statute La. R.S. 15:529.1, La.-C. Cr. P. art. 881, Reconsider Sentence,” arguing that the trial court erred' in adjudicating him a second-felony habitual offender and that his sentence |fiwas illegal and excessive. The trial court denied the motion, stating that it did not have jurisdiction because Defendant had already been granted an appeal of the matter. This appeal followed.

DISCUSSION

Defendant argues that his 50-year sentence is .constitutionally excessive and amounts to a life sentence for him, a 67-year-old, nonviolent offender. Regarding the instant offense, Defendant notes that the amount of heroin recovered (4.07 grams) was not substantial, and only $657 was recovered from his home. He further argues that he has a major drug problem, as shown by his previous convictions, but that he is not a major drug dealer. He contends that the sentence imposed is grossly out of proportion to the severity of the crime, claiming that he is in need of rehabilitation and. cari best be served in a noncustodial environment.
In reply, the state argues that the trial court did not abuse its discretion in sentencing Defendant to 50 years at hard labor as a second-felony habitual offender. It claims that the record shows that the trial court was exceptionally familiar with the facts of this case and with Defendant’s background. It notes that the trial court previously stated that it had reviewed the presentence investigation report and the sentencing factors set forth in La. C. Cr. P. art. 894.1, specifically noting Defendant’s, age, that the offense involved controlled dangerous substances, that he> obtained substantial income from his ongoing drug activities, that he was persistently involved in similar offenses and that rehabilitation was unlikely. Further, the state claims that a review of Defendant’s criminal record reveals a j 7multitude of arrests and convictions, which indicates that he has a propensity for criminal activity that has not been assuaged by previous sentencing leniency.
*680 In 2006, when the instant offense was committed; La. R.S. 40:966(B)(1) provided that a person convicted of possession with intent to distribute heroin shall be sentenced to serve not less than 5 nor more than 60 years at hard labor, with at least 5 years to be served without the benefit of probation or suspension of sentence, and may, in addition, be required to pay a fine of not more than $50,000.' The statute did not contain any prohibition against parole.
La. R.S. 15:529.1(A)(1) provides, in pertinent part:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term] and not more than twice the longest term prescribed for a first conviction.
La. R.S. 15:529.1(G) provides that any sentence imposed under the Habitual Offender Law is to be served at hard labor without the benefit of probation or suspension of sentence.
An appellate court utilizes a two-pronged test -in reviewing a sentence for exeessiveness; First, the record must show that the trial court took cognizance of the criteria set forth in La. G. Or. P. art. 894.1. The trial judge is not required to list every aggravating - or mitigating circumstance so long as the record reflects that, he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Latham⅜ 41,» 866 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805- (La|3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal-of La. G. Or. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary • even where there has not been full compliance with La. C. Or. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App.2d Oir.8/13/08), 989 So.2d 267. The important elements that should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App.2d Gir.12/13/06), 945 So.2d 277, writ denied\ 07-0144 (La.9/28/07),. 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of-pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in-light of the harm done to society, it -shocks the sense of. justice. State v. Weaver, 01-0467 (La.1/15/02) 805 So.2d 166; State v. Robinson, 40,983 (La. App.2d Cir,1/24/07), 948 So.2d 379.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-8514 (La.12/13/04), 898 So.2d 7; State v. Diaz, 46,760 (La.App.2d Cir.12/14/11), 81 So.Sd 228. On review, an appellate court does not determine wheth *681 er another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
The trial court did not abuse its discretion in sentencing Defendant to 60 years at hard labor. Prior to imposing Defendant’s sentence, it considered the presentence investigation report and the sentencing factors set forth in La. C. Or. P. art. 894.1. It specifically noted Defendant’s criminal history; that he was selling heroin, one of the worst known drugs, for a profit; and that rehabilitation was not a realistic goal for him.' Also, the trial court noted that Defendant’s age was a mitigating factor.
As noted in this court’s prior opinions, Defendant has a significant criminal history that spans over .30 years in state and federal courts in Louisiana and Texas. The presentence investigation report indicates that his criminal record includes arrests for attempted second degree murder and second degree battery and convictions for possession of cocaine and phenmetra-zine, possession of heroin with intent to distribute, assault and battery on a police officer, simple battery, possession of cocaine with intent hoto distribute, possession of marijuana, use of a firearm in a drug felony and possession of cocaine.
Defendant’s sentence is not constitutionally excessive. The sentencing range for Defendant, a second-felony habitual offender convicted of possession with intent to distribute heroin, is not less than 26 years and not more than 100 years at hard labor. Considering his extensive criminal history, especially his propensity to commit crimes similar to the instant offense, the midrange sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate .to the severity of the offense. Therefore, this assignment of error is without merit.

Pro Se Assignments of Error

D'efendant argues that the trial court erred in adjudicating him a fourth-felony habitual offender on December 17, 2009, because he was not present at that hearing, in violation of La. C. Cr. P. art. 831.
InThis court vacated Defendant’s fourth-felony habitual offender adjudication and sentence in Robinson I. His prior habitual offender adjudications and sentences are not presently before us for review. Further, this same claim was raised by the defense" and found to be without merit by this court in" Robinson I. This assignment of error is without merit;
Defendant, also argues that, the trial court erred in adjudicating him a fourth-felony habitual offender on, December 17, 2009, because his prior convictions were not for the same offense as..the instant offense and that, in Robinson I, this court erred in remanding the matter to the same trial judge who imposed the illegal sentence.
This court vacated Defendant’s fourth-felony habitual offender adjudication and sentence in Robinson L His prior habitual offender adjudications and sentences are not presently before us for review. Nevertheless, La. R.S. 16:629.1 does not require that a defendant’s prior convictions and the instant conviction to be for the same' offense in order to adjudicate him a habitual offender. Also, La. C. Cr, P. art. 881.4(B) provides that the appellate court may remand the case for resentenc-ing before a judge other, .than the judge who. imposed the. initial sentence. This court was not required to remand the case to a different trial judge. This assignment of error is without merit.
Defendant further argues that the trial court erred in adjudicating him a second-felony habitual offender on October 24, 2014, based on his 1981 conviction for pos *682 session of cocaine and phenmetrazine because this court previously found in Bo bin-son I and II that such conviction could not be used as a predicate offense. He contends that his instant 50-year habitual offender sentence is illegal, claiming that, because he was sentenced only to 1 year for his 1981 conviction, the proper sentencing range under La. R.S. 15:529.1(A)(1) is 6 months to 2 years.
At the most recent habitual offender hearing, the trial court adjudicated Defendant a second-felony habitual offender based on his 1988 convictions, not his 1981 conviction. Although the state sought to have him adjudicated a fourth-felony offender, the trial court expressly found that the 1981 conviction and a 1998 conviction could not be used because there was no evidence as to whether he was adequately advised of his rights prior to Impleading guilty in those cases. The trial court properly used Defendant’s 1988 convictions as the predicate offense.
Further, Defendant’s interpretation of the habitual offender sentencing provision is incorrect. Under La. R.S. 15:529.1, the sentencing range for a habitual offender is computed by reference to the sentencing provision for the instant offense, not the predicate offense. Because his sentence for possession with intent to distribute heroin is being enhanced, the applicable sentencing range is 25 to 100 years. See La. R.S. 40:966(B)(1). Therefore, his 50-year sentence is not illegal. This assignment of error is without merit.
Defendant also argues that, in Robinson III, this court erred in instructing the trial court to sentence him to no more than 25 years, thereby increasing his original 20-year sentence by 5 years.
Defendant previously raised this same claim in Robinson IV, and this court determined that the claim was without merit. We noted that La. C. Cr. P. art. 881.4(A) expressly permitted us to remand the case with “direction to the trial court concerning the proper sentence to impose,” that such instructions did not increase or amend his sentence and that our ruling and instructions set forth in Robinson III were final decisions as the Louisiana Supreme Court had denied his writ. This assignment of error is without merit.

ERROR PATENT

In sentencing Defendant, the trial court ordered that the first five years of the sentence be served without the benefit of parole, probation or 1 ^suspension of sentence. However, neither La. R.S. 15:529.1(G) nor La. R.S. 40:966(B)(1) contains any restrictions on parole eligibility. Therefore, the inclusion of the restriction on parole renders Defendant’s sentence illegal. Further, this court has previously instructed the trial court not to impose the sentence without the benefit of parole. See Robinson III and IV. Pursuant to La. C. Cr. P. art. 882(A), this court has the authority to correct an illegal sentence. Accordingly, Defendant’s sentence is hereby amended to delete the restriction on parole.

CONCLUSION

For the foregoing reasons, the sentence of Defendant, John Love Robinson, is hereby amended to delete the restriction on parole and, as amended, is affirmed.
SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.

. This was a mandatory sentence. • See La. R.S. 15:529.1.

.The sentencing range for Defendant, as a second-felony habitual offender convicted of ' possession with intent to distribute heroin, was not less than 25 years and not more than 100 years at hard labor, See La. R.S. 15:529,1. In sentencing Defendant, the trial court noted that it had considered the presen-tence investigation report, especially his extensive criminal history,

. This is the maximum prison time permitted under La. R.S. 40:966(B)(1). Prior to sentencing Defendant, the trial court statéd that it had reviewed the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, the presen-tence investigation report and Defendant's criminal history. It stated that a lesser sentence would deprecate the seriousness of the offense, that this was a controlled dangerous substance offense and that Defendant obtained substantial income from his ongoing drug activities. It also stated that Defendant had been involved in similar offenses for over 30 years and noted that the state could file a habitual offender bill of information, if it wished. It further stated that Defendant was 66 years old, that rehabilitation was not a realistic goal and that Defendant would continue to engage in criminal activities if released. The trial court also noted that the crime of possession with intent to distribute heroin previously carried a life sentence.

. It should be noted that Defendant’s 1988 convictions were previously used in adjudicating him a second-felony offender on December 7, 2011. That adjudication was vacated by this court in Robinson II because the state failed to prove the date that Defendant was discharged from custody or supervision for the 1988 convictions and, therefore, failed to prove that the ten-year cleansing period had not lapsed. However, at the instant habitual offender proceeding, the state established that Defendant was still on federal parole for the 1988 convictions when he committed the instant offense in 2006, thus proving that the ten-year cleansing period had not lapsed.