CRICHTON, J.,
additionally concurs and assigns reasons:
_JjTo demonstrate an entitlement to relief based on counsel’s alleged deficient performance, defendant, convicted of armed robbery, must show that (1) counsel erred and (2) that the error prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
Examination of the habitual offender law in conjunction with the facts in this case demonstrates that the court of appeal reached the correct result in reversing the district court’s ruling, albeit perhaps for the wrong reason. Whereas the parties’ arguments and lower courts’ analyses turned on Strickland’s second prong (i.e., whether this defendant can prove prejudice) as a result of counsel’s alleged failure to prove that that the cleansing period had expired, they largely bypassed the threshold issue of whether applicant’s counsel in fact erred.
After an exhaustive review of defendant’s application, including the attached records of the Department of Public Safety and Corrections, I find that the 10-year “cleansing period” set forth by R.S. 15:529.1(C) did not elapse in the approximately 11 years between the commencement of the of the cleansing period and the instant armed robbery because defendant spent at least four of those years incarcerated, Time spent in a penal institution does not accrue towards the required 10 years. See R.S. 15:529(C) (“[A]ny period of servitude by [the defendant] in a|2penal institution, within or without the state ...” must not be included when computing the 10 years).
Accordingly, because defendant’s circumstances do not exempt him from habitual offender status, there is no defect in his adjudication as a second felony offender, and defendant raised no other meritorious basis upon which his counsel should have contested his adjudication' — thus, counsel committed no error. The finding of no error ends the Strickland inquiry and obviates any need to conduct the second-prong prejudice analysis.
In a broader context, this case highlights a discrepancy between the circuits’ treatment of the state’s burden of proof at habitual offender adjudications as it relates to the cleansing period. The First, Second, and Fifth Circuits have held that the state must prove the cleansing period has not lapsed as an element of the habitual offender adjudication, and now recognize the lack of such proof as an error patent. See, e.g., State v. Robinson, 47,427, p. 7 (La.App. 2 Cir. 10/3/12), 105 So.3d 751, 755 (state’s failure to prove that the cleansing period has not expired is error patent on the face of the record); State v. Abdul, 11-863 (La.App. 5 Cir. 4/24/12), 94 So.3d 801, 820-21 (since the sufficiency of the proof of the cleansing period bears on *881 defendant’s due process rights, courts can review the issue on appeal as an error patent); State v. Baker, 452 So.2d 737, 745-46 (La. App. 1 Cir. 1984) (defendant’s claim that second felony offender sentence was improper without demonstrating the cleansing period; “Since this allegation, if proved, would be error patent on the face of the record under La.C.Cr.P. art. 920, we find it necessary to review this additional allegation.”). The failure to adopt this approach, particularly in the Fourth Circuit, has generated many claims of ineffective assistance of counsel for failing to assert the expiration of the cleansing period as a defense. Further complicating matters, when the state fails to prove in the district court that the cleansing period has not elapsed, and the Rissue is not raised until the matter is before a reviewing court, the record is often inadequate to resolve the question. While I feel that this case does not present the optimal forum to resolve this circuit split, it is my view that the judicial system would benefit from the implementation of error patent review of this issue.