| WILLIAMS, J.
The defendant, David Henderson, was charged by bill of information with two counts of distribution of cocaine, a violation of LSA-R.S. 40:967. Through a plea agreement, defendant entered a plea of guilty to one count of distribution of cocaine. The district court imposed a sentence of 30 years at hard labor and denied a timely motion for reconsideration of sentence. Defendant appeals his sentence as excessive. We affirm.
FACTS
The record shows that on February 18 and March 25, 2003 defendant sold rocks of crack cocaine to a confidential informant who was working with the Webster Parish Sheriffs Office in Cullen, Louisiana. The transactions were recorded on audio and video tape. The crime lab verified the identity of the substances. The defendant was charged with two counts of distribution of cocaine.
*171 Subsequently, the defendant pled guilty to one count of distribution of cocaine, which is punishable by a sentence of not more than thirty years at hard labor. In exchange for his guilty plea, the state dismissed one count of distribution of cocaine and agreed not to file a habitual offender bill against the defendant, who was a fourth felony offender. The defendant was sentenced to serve 30 years imprisonment at hard labor.
DISCUSSION
Defendant argues that his sentence is excessive. When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated solely to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
|2A sentence violates La. Const. Art. 1, § 20, if it is grossly disproportionate to the severity of the offense or nothing more than a purposeless infliction of suffering. State v. Caraway, 28,769 (La.App.2d Cir.10/30/96), 682 So.2d 856. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La. 1992).
Prior to imposing sentence, the district court reviewed a pre-sentence investigation (“PSI”) report. The court considered the facts of the case and defendant’s employment and social history. The court noted that the defendant had completed the 11th grade. His wife was deceased and he had a daughter who was 30 years old. Defendant had a history of work in the trucking industry. He was a fourth felony offender with prior convictions for possession of stolen treasury checks, simple burglary and distribution of cocaine. Based on its review of the PSI, the court believed the defendant was likely to commit further offenses if placed on probation. The court reasoned that a lesser sentence would deprecate the seriousness of the offense. Finally, the court noted that if defendant had been charged as a habitual offender he would have been exposed to a life sentence.
A trial court has wide discretion to impose a sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. Caraway, supra; State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555. On this record, we do not find constitutional error. The sentence imposed is lawful and does not include a discretionary fine of up to $50,000. Defendant, age |<¡48, received a substantial benefit from his plea bargain. He has a substantial criminal record. Had he been adjudicated to be a habitual offender he would have been exposed to a life sentence. His prior drug distribution offense weighs heavily in the decision to uphold the imposition of this maximum sentence. See, State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. The sentence is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which, under the facts and circumstances of the case, is supported by the record and is not constitutionally excessive. This assigned error lacks merit.
We have examined the record for error patent and found that the trial court failed to inform the defendant during the sentencing proceedings that the first two years of his sentence are to be served without the benefit of probation, parole or suspension of sentence, as required by *172 LSA-R.S. 40:967 B(4)(b). However, this was harmless error. LSA-R.S. 15:301.1(A) provides in pertinent part:
The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole or suspension of sentence.
Furthermore, LSA-R.S. 15:574.4(A)(1) renders defendant ineligible for parole due to his fourth felony offender status.
The conviction and sentence are affirmed.
AFFIRMED.