FREDERICKA HOMBERG WICKER, Judge.
|Jn his second appeal, defendant appeals his forty-five year sentence for his conviction for armed robbery in violation of La. R.S. 14:64 and his five-year sentence for the use of a firearm during the commission of armed robbery in violation of La. R.S. 14:64.3, claiming that the sentences imposed are unconstitutionally excessive. For the following reasons, we affirm.

STATEMENT OF THE CASE

On October 30, 2008, a Jefferson Parish Grand Jury issued an indictment charging defendant, Brandell T. Scie, with the second degree murder of Heriberto Eyello Montoya in violation of La. R.S. 14:30.1 (“Count One”); the armed robbery of Peter Pham while armed with a firearm in violation of La. R.S. 14:64 and 14:64.3 (“Count Five”); and the attempted second degree murder of Devon Martin |sm violation of La. R.S. 14:27, 14:30.1 (“Count Six”).[1] On May 19, 2010, a twelve-person jury found defendant guilty as charged as to Counts One (second degree murder) and Five (armed robbery) and not guilty as to Count Six (attempted second degree murder). On May 26, 2010, the trial court sentenced defendant to life imprisonment for his conviction for second degree murder in violation of La. R.S. 14:30.1 and fifty years imprisonment for his conviction for armed robbery in violation of La. R.S. 14:64 and 14:64.3.
Defendant appealed his convictions and sentences. In his first appeal, this Court affirmed defendant’s second degree murder conviction and life sentence. State v. Scie, 11-254 (La.App. 5 Cir. 12/28/11), 83 So.3d 1082.[2] As to the armed robbery conviction, this Court affirmed defendant’s conviction but vacated the fifty-year sentence, finding that the trial judge failed to state which portion, if any, of the fifty-year sentence included the mandatory five-year enhancement sentence under La. R.S. 14:64.3 for use of a firearm during *11 the commission of the offense. Id. On remand from this Court, the trial court re-sentenced defendant to fifty years imprisonment at hard labor, clarifying that he sentenced defendant to forty-five years imprisonment at hard labor for the armed robbery conviction in violation of La. R.S. 14:64 in addition to a consecutive five-year sentence, pursuant to La. R.S. 14:64.3. The trial judge ordered that the sentences run consecutively to the life sentence previously imposed for defendant’s conviction for second degree murder in violation of La. R.S. 14:30.1.

\ .DISCUSSION

In this appeal, defendant challenges the sentences imposed for his armed robbery conviction. Defendant contends that the trial court imposed an unconstitutionally excessive sentence in ordering that his forty-five year sentence for his armed robbery conviction and his five-year firearm enhancement sentence be served consecutively to his life sentence for his second degree murder conviction. The record in this case reflects that defendant did not file a motion to reconsider his sentences, nor did he state specific grounds upon which the motion would have been based. Defendant is, therefore, limited to a bare review of his sentence for unconstitutional excessiveness. State v. Hills, 03-716 (La.App. 5 Cir. 12/9/03), 866 So.2d 278, 286, unit denied, 04-1322 (La.4/22/05), 899 So.2d 569.
In his sole assignment of error, defendant complains only of the consecutive nature of his sentences. In the past, this Court has held that when the consecutive nature of sentences is not specifically raised in the trial court, then the issue is not included in the bare review for unconstitutional excessiveness, and the defendant is precluded from raising the issue on appeal. See State v. Escobar-Rivera, 11-496 (La.App. 5 Cir. 1/24/12), 90 So.3d 1, 8, writ denied, 12-0409 (La.5/25/12), 90 So.3d 411; see also State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535; State v. Williams, 10-265 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 103.
In this case, defendant failed to file a motion to reconsider his sentences and failed to specifically object to the consecutive nature of his sentences in the trial court. Therefore, he is not entitled to review of the consecutive nature of his sentences in this appeal. See Escobar-Rivera, 90 So.3d at 8.
We accordingly conduct a bare review of defendant’s sentence for unconstitutional excessiveness. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the | ^imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Home, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d 562, 569, writ denied, 12-0556 (La.6/1/12), 90 So.3d 437 and State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, unit denied, 00-1371 (La.2/16/01), 785 So.2d 839. The trial judge is afforded broad discretion in sentencing and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr. P. art. 881.4(D); State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131, writ denied, 08-1660 (La.4/3/09), 6 So.3d 767; and State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
In reviewing a sentence for ex-cessiveness, an appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. *12 Lobato, 603 So.2d 739, 751 (La.1992). On review, an appellate court does not determine whether another sentence might have been more appropriate, but whether the trial court abused its discretion. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d at 656, and State v. Horne, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d at 569. In considering whether the trial court abused its discretion in sentencing a defendant, a reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by other courts. State v. Home, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d at 569.
Defendant’s conviction for armed robbery is punishable by imprisonment at hard labor for not less than ten years and not more than ninety-nine years, without | Bbenefit of parole, probation, or suspension of sentence.[3] Additionally, the state sought a firearm enhancement under La. R.S. 14:64.3, which provides for an additional mandatory five-year sentence at hard labor without benefit of parole, probation, or suspension of sentence to be served consecutively to the sentence imposed under the provisions of La. R.S. 14:64.[4]
Accordingly, defendant faced a sentencing range of imprisonment at hard labor for not less than fifteen years and not more than one hundred and four years. Therefore, defendant’s forty-five year sentence and, in addition, the five-year firearm enhancement sentence, fall within the statutory range. The imposition of a sentence, although within the statutory limits, may still violate a defendant’s constitutional right against excessive punishment. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4.
Upon review of the record in this case, we find that defendant’s sentences for his conviction for armed robbery under La. R.S. 14:64 and 14:64.3 are not unconstitutionally excessive. The Louisiana Supreme Court has recognized that the crime of armed robbery “is a pernicious offense” which “creates a great risk of emotional and physical harm to the victim, to witnesses, and, at times, even to the offender.” State v. Sam, 12-459 (La.App. 5 Cir. 11/27/12), 105 So.3d 988, 991-92, writ denied, 12-2766 (La.5/31/13), 118 So.3d 389 (quoting State ex rel. Sullivan v. Maggio, 432 So.2d 854, 856 (La.1983)). Moreover, our jurisprudence has recognized that sentences ranging from 25 to 50 years imprisonment at hard labor for convictions for armed robbery are not excessive. Id.; see also State v. Burton, 12-1321 (La.App. 4 Cir. 5/8/13), 116 So.3d 863; State v. Stipe, 10-877 (La.App. 3 Cir. 3/9/11), 59 So.3d 480.

CONCLUSION

For the reasons provided herein, we find defendant’s sentences, including a forty- *13 five year sentence for his armed robbery conviction in violation of La. R.S. 14:64 and a five-year firearm enhancement sentence pursuant to La. R.S. 14:64.3, are not unconstitutionally excessive. Accordingly, defendant’s sentences are affirmed.

AFFIRMED.

. Defendant was also charged with the armed robbery of Isaías Lopez while armed with a firearm, in violation of La. R.S. 14:64 and 14:64.3 ("Count Three”). The state dismissed that charge prior to trial. Defendant was not charged on Counts Two and Four. Charged as co-defendants in the bill were Drevon Q. James, William Smith, Elvin Ascension-Cal-cano, Jacoby Dixon, and Bradley Edwards.

. The facts related to defendant’s convictions are set forth in this Court’s opinion concerning defendant’s first appeal. See State v. Scie, supra.

. La. R.S. 14:64 provides:
A. Armed robbery is die taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

. La. R.S. 14:64.3, in pertinent part, provides:
When the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:27 and 64.