CHEHARDY, C.J.
hDefendant, Farrell W. Williams, Jr., appeals his sentence- as a second felony offender. For the reasons that follow, we affirm defendant’s conviction and-sentence.
STATEMENT OF THE CASE
On July 31, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of heroin, a violation of La. R.S. 40:966(C). A twelve-person jury found defendant guilty as charged on May 3, 2016. He was sentenced to ten years imprisonment at hard labor on May 26, 2016, after which he filed a motion to reconsider sentence and a motion for appeal. On June 3, 2016, the district court denied the former and granted the latter.
Thereafter, on July 21, 2016, the state filed a multiple offender bill of information alleging defendant to be second felony offender. At the hearing on the bill, the court .adjudicated defendant a second felony offender, vacated his original sentence, and imposed an enhanced sentence of twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant filed a motion *1196 to reconsider his enhanced sentence and a motion for appeal. On July 27, 2016, the district court denied the motion to reconsider and granted defendant’s appeal.
FACTS
Around 10:30 p.m. on the night of June 26, 2016, Detectives William Whittington and John Wiebelt of the Jefferson Parish Sheriffs Office (“JPSO”) were conducting undercover surveillance as part of a narcotics investigation in and around the intersection of South Jamie Boulevard and U.S. Highway 90 in Avondale, Louisiana. From their separate unmarked vehicles, both detectives observed a Ford Ranger pickup truck enter a McDonald’s parking lot without “too many cars” and park at a distance from the restaurant’s entrance. This aroused the | ^detectives’ suspicions since a patron of the restaurant would typically park close to the entrance in an uncrowded lot. But the driver of the truck, a female, remained in her vehicle and seemed to be waiting for something.
Approximately ten minutes later, a red Chrysler Sebring convertible entered the lot and parked next to the truck. The female exited her truck and entered the passenger side of the Sebring. The Sebr-ing then “idled through” the parking lot and pulled up next to a fuel pump at a nearby gas station. The car remained next to the pump for approximately one or two minutes, but no one exited the vehicle and no gas was pumped. The Sebring then “idled back” next to the truck in the McDonald’s parking lot. The female exited the Sebring, entered her truck, and drove off.
Suspecting that a narcotics transaction had occurred, Detective Whittington decided to stop the Sebring. His decision to stop the Sebring rather than the truck, he explained, was motivated in part by a recently-received tip from a confidential informant that defendant drove a red Chrysler Sebring convertible and was “known to sell quantities of heroin throughout Avondale.” Detective Whittington requested the assistance of JPSO Deputy Joseph Waguespack to conduct the stop with his marked police vehicle. With lights and sirens, Deputy Waguespack stopped the Sebring several blocks away from the McDonald’s. Upon contact with the vehicle, Detective Whit-tington immediately recognized the driver as defendant who had an outstanding attachment for his arrest. Defendant was placed under arrest and a search incident thereto turned up three grams of heroin in his pocket.
DISCUSSION
On appeal, defendant does not challenge his conviction, but assigns two errors regarding his sentence. He argues that the district court erred in denying his motion to reconsider his enhanced sentence and that his enhanced sentence is unconstitutionally excessive. We address these interrelated assignments together.
UThe failure to make or to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional ex-cessiveness only. State v. Brown, 15-96 (La. App. 5 Cir. 9/15/15), 173 So.3d 1262, 1269. Here, because defendant’s motion to reconsider merely argued that his enhanced sentence was excessive, we accordingly limit our review to excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. McGowan, 16-130 (La. App. 5 Cir. 8/10/16), 199 So.3d 1156, 1162. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly dispro *1197 portionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hill, 12-495 (La. App. 5 Cir. 12/18/12), 106 So.3d 1209, 1212.
An appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); McGowan, supra. In reviewing a sentence for excessiveness, the appellate court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice, while recognizing the sentencing court’s broad discretion. Id. at 1162-63. IVhen reviewing the sentencing court’s discretion, three factors are considered: (1) the nature of the crime, (2) the nature and background of the offender, and (3) the sentence imposed for similar crimes by the same court and other courts. Id. at 1163. Before considering these three factors, we choose to note that defendant’s sentence was within the statutory limits and was less than his potential sentencing exposure.
|4Under the law in effect at the time of the offense, possession of heroin carried a mandatory penalty of imprisonment at hard labor for not less than four nor more than ten years. La. R.S. 40:966(C). Defendant was sentenced to the maximum ten years, but this sentence was vacated when defendant was adjudicated a second felony offender on the basis of his predicate conviction for possession of heroin in 24th JDC No. 03-2308. Pursuant to La. R.S. 15:529.1, defendant’s second felony offender status carried a mandatory penalty of imprisonment at hard labor for not less than five nor more than twenty years without benefit of probation or suspension of sentence. Defendant was sentenced to the maximum twenty years.
This maximum sentence was due in part to defendant’s refusal to accept plea bargains ft’om the state. Prior to trial of this matter, the state offered defendant a plea deal that was put on the record. It was acknowledged that defendant was a quadruple felony offender facing a possible life sentence if convicted of the instant offense, and that in exchange for a guilty plea, the state would charge defendant as a second felony offender for which he would receive a twelve-year sentence. In exchange for this plea, the state further offered defendant a concurrent ten-year sentence and agreed not to multiple bill him on additional charges pending against him in 24th JDC No. 13-1818—felon in possession of a firearm (La. R.S. 14:95.1), possession with intent to distribute heroin (La. R.S. 40:966(A)), and possession with intent to distribute cocaine (La. R.S. 40:967(A)).
Defendant did not accept the offered plea deal, proceeded to trial, and was convicted. The state did not bill defendant as a quadruple felony offender, but billed him as a second felony offender. At the hearing on this bill, defendant was advised that if he stipulated to the bill as a second felony offender, he would receive an enhanced sentence of fifteen years. But if he denied the allegation and forced the state to prove his second felony offender status, he would receive an ^enhanced sentence of twenty years. Defendant elected the latter option, was adjudicated a second felony offender, and was sentenced to twenty years. The state then dismissed the pending charges in 24th JDC No. 13-1818 and 24th JDC No. 13-2056.[1]
With the foregoing in mind, we now turn to the three factors of our excessiveness *1198 inquiry. First, regarding the nature of the crime, defendant was sentenced to twenty years on the basis of two felony convictions for heroin possession. Though defendant was convicted of simple possession, the facts of this case and defendant’s history suggest that he is involved in heroin distribution. It is difficult to overstate the serious nature of any crime involving heroin given the danger, the substance presently poses to public health. According to. the Centers for Disease Control and Prevention, “[h]eroin-related overdose deaths [in the United States] have more than quadrupled since 2010.”[2]
Second, regarding defendant’s background, the record indicates that defendant has a criminal history, including a felony conviction for heroin possession and several felony drug charges. In fact, defendant’s reputation for selling “quantities of heroin throughout Avondale” contributed to his arrest in this case.
Lastly, regarding sentences for similar crimes, the Louisiana Supreme Court has approved a twenty-year enhanced sentence for a second felony offender with an underlying conviction for possession of heroin. In State v. Thompson, 02-333 (La. 4/9/03), 842 So.2d 330, the defendant, who had been convicted of two counts of heroin possession and adjudicated á second felony offender, received an enhanced sentence of twenty years on one of the counts, to be served concurrently with his ten-year sentence on thé other. On appeal, the Fourth Circuit reversed one Rof the convictions and the corresponding enhanced sentence, but on certiorari review, the Louisiana Supreme Court reinstated both, finding the sentence was within the sentencing court’s discretion in view of the defendant’s previous twenty-three felony and six misdemeanor arrests, as well as a conviction for possession of cocaine. Id. at 338.
Our review of the three foregoing factors as well as the facts and circumstances of this case- leads us to conclude that the district court did not abuse its broad discretion in sentencing defendant to. the maximum twenty years as a second felony offender. Accordingly, we likewise find that the district court did not err in denying defendant’s motion to reconsider his enhanced sentence. These assignments of error are without merit. '
ERRORS PATENT
The record was reviewed for errors patent according to La. C.C.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review indicates that defendant was not advised of the applicable prescriptive period in which to seek post-conviction relief. Accordingly, by way of this opinion, defendant is hereby advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has'become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Brooks, 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, 615, writ denied, 12-2478 (La. 4/19/13), 111 So.3d 1030.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED

. In 24th JDC No. 13-2056, defendant was charged with the misdemeanor offenses of resisting an officer (La. R.S. 14:108) and battery of a police officer (La. R.S. 14:34.2).

. https://www.cdc.gov/drugoverdose/data/ heroin.html (last visited June 27, 2017).