GRAVOIS, J.
*220 Defendant, Darrell Taylor, appeals his sentence of twenty-five years for a conviction of distribution of heroin in violation of La. R.S. 40:966(A). On appeal, defendant argues that his sentence is excessive. He further argues that his trial counsel rendered ineffective assistance at the sentencing proceeding. For the following reasons, we affirm defendant's conviction and affirm his sentence as amended, and remand the matter for correction of the sentencing minute entry.
PROCEDURAL HISTORY
On December 6, 2016, a St. Charles Parish Grand Jury returned an indictment charging defendant, Darrell Taylor, with distribution of heroin in violation of La. R.S. 40:966(A). On December 20, 2016, defendant was arraigned and pled not guilty. Defendant went to trial before a jury on June 19, 2017. On June 20, 2017, defendant was found guilty as charged. The trial court ordered the preparation of a pre-sentencing investigation ("PSI") report. On September 12, 2017, the trial court sentenced defendant to twenty-five years imprisonment in the Department of Corrections, with ten years of the sentence to be served without the benefit of probation, parole, or suspension of sentence.[1] The sentence was ordered to run concurrently with a revocation of probation in Division "E." After the sentence was imposed, defendant moved both orally and in writing for an appeal, and both the written and oral motions were granted on September 12, 2017.
FACTS
In 2016, Danny Brown, a resident of St. Charles Parish, agreed to assist the St. Charles Parish Sheriff's Office in apprehending people who were selling drugs, in order to avoid prosecution himself on other drug charges.[2] Prior to working with the Sheriff's Office, Mr. Brown knew Darrell Taylor, defendant herein, and his brother, Tyrone, by their respective street names of "Dip" and "Meatman," and was familiar with their place of residence at 415 Boutte Estates, Boutte, Louisiana, in St. Charles Parish, where Mr. Brown would go to sell merchandise to defendant in exchange for cash to buy crack cocaine.
Detective Allan Tabora with the St. Charles Parish Sheriff's Office Special Investigations Division was also familiar with defendant, whom he identified in court, having arrested him on drug charges in the past. Detective Tabora began to work with Mr. Brown to investigate the Taylor brothers. On September 21, 2016, Mr. Brown was outfitted with visual and audio devices by Detectives Tabora and Kevin Tennison and given cash to execute a controlled buy at 415 Boutte Estates.
After the purchase, Mr. Brown met with Detectives Tabora and Tennison in a secure location and turned over seven similarly packaged small foil packets, which Detective Tabora testified was a common packaging method for heroin.[3] Detective *221 Tabora watched the digital video recording of the controlled buy obtained from Mr. Brown and recognized defendant. A search warrant was obtained for 415 Boutte Estates and executed on October 6, 2016. Foil paper, scissors, and metal spoons, among other things, were found in Tyrone's room. An arrest warrant was issued for defendant due to the September 21, 2016 incident; he was subsequently arrested for one count of distribution of heroin.
On October 13, 2016, Brian Schulz, an expert in the field of forensic drug analysis, tested each of the seven tinfoil packets and testified that they contained heroin. Evidence admitted at trial indicated that the seven tinfoil packets collectively contained a gross weight of one gram.
ASSIGNMENT OF ERROR NUMBER TWO [4]
Excessive sentence
In this assignment of error, defendant argues that his twenty-five-year sentence for distribution of heroin is unconstitutionally excessive. He argues that the sentence shocks one's sense of justice due to his age of seventy, fourth-grade level of education, addiction to heroin, and ill health. He maintains that the evidence presented at trial only showed that he was a user of heroin and not a dealer, and the circumstances surrounding the offense require a downward departure of his twenty-five-year sentence. Defendant requests that this Court vacate his sentence to allow him to file a motion for downward departure from the mandatory minimum sentence or remand for resentencing for the trial court to consider his "elder" status.
The State responds in brief that defendant's twenty-five-year sentence of imprisonment was not unconstitutionally excessive, and the record supports the sentence imposed. It argues the seriousness of the crime of distribution of heroin, defendant's criminal history as an eighth felony offender, and the circumstances of this case do not warrant the imposition of a lesser sentence even in light of defendant's age and failing health, neither of which, the State points out, have impeded his criminal activity. It asserts that the trial court considered both defendant's age and health in imposing the sentence, and the sentence was not an abuse of the trial court's sentencing discretion.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although within statutory limits, a sentence can be reviewed for unconstitutional excessiveness. State v. Smith , 01-2574 (La. 1/14/03), 839 So.2d 1, 4. A sentence within the statutory limits may still violate a defendant's constitutional right against excessive punishment. State v. Scie , 13-634 (La. App. 5 Cir. 1/15/14), 134 So.3d 9, 11.
A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson , 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622, writ denied , 05-0244 (La. 12/9/05), 916 So.2d 1048.
*222 A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Dorsey , 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130, writ denied , 08-1649 (La. 4/17/09), 6 So.3d 786. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. Id.
In the present matter, defendant was convicted of one count of distribution of heroin in violation of La. R.S. 40:966(A). Accordingly, under the sentencing provisions in effect at the time defendant committed the offense, defendant faced a term of imprisonment at hard labor for not less than ten nor more than fifty years, with at least ten years to be served without the benefit of probation or suspension of sentence. See La. R.S. 40:966(B)(4)(a). The trial court sentenced defendant to twenty-five years in the Department of Corrections, with ten years of the sentence to be served without benefit of probation, parole, or suspension of sentence.[5]
When defendant appeared for sentencing, Ursula Ingram, the mother of defendant's daughter, advised the trial judge during a bench conference that defendant's daughter was devastated by his conviction and had asked her to speak to the court. Ursula stated that on the day of defendant's arrest, his daughter was at defendant's residence giving defendant money that he had borrowed from Ursula. Ursula acknowledged defendant's "bad" background, but stated that he was "really actually changing."
Also prior to sentencing, trial counsel requested the trial court to impose a lenient sentence and to consider defendant's age and history of mental illness, addiction, and the physical infirmities he suffered with at the time of trial. She argued that while he had prior convictions, the instant conviction was not a crime of violence. She maintained that defendant simply handed Tyrone a small amount of heroin, and defendant was not a dealer. Trial counsel contended that even if the minimum ten-year sentence was imposed, defendant still faced a life sentence, which would also weigh heavily on taxpayers to provide for defendant's medical costs in prison. In support of her argument, trial counsel asked that a medical summary outlining defendant's serious health issues, which was previously provided to the State and the parole officer who prepared the PSI report, be placed in the record under seal, which the trial court granted.
The State conceded that defendant had a significant medical history, and that the cost of incarceration should be considered, but nonetheless, the instant conviction was defendant's eighth felony offense, one of which was a crime of violence (armed robbery). The State noted that when this crime occurred, defendant was on probation or parole for a prior conviction of attempted possession with intent to distribute heroin, which had been reduced from possession with intent to distribute heroin. It contended that defendant was never employed, never sought drug rehabilitation treatment, nor did he pursue an education. The State referenced the severity *223 of the current opioid epidemic and argued that to impose a lenient sentence would send an inappropriate message.
The trial judge noted that the maximum term of imprisonment for distribution of heroin was fifty years in the Department of Corrections and noted that the PSI report recommended what she thought was a "pretty lenient" sentence given defendant's status as an eighth felony offender. The trial judge stated that two things currently harming the community were drug dealers and violent offenders. She stated that she was inclined to sentence defendant to 30 years, but ultimately followed the recommendation of the PSI report and sentenced him to twenty-five years imprisonment in the Department of Corrections, with ten of those years to be served without benefits.
On appeal, defendant argues that the trial court failed to consider the nature of the crime and his background in imposing his sentence. He asserts that his sentence is excessive as he suffers from congestive heart failure, hypertension, atrial fibrillation, coronary artery disease, hepatitis C, and is seventy years old. He also contends that he has a fourth-grade level of education and a heroin addiction.
In brief, defendant cites to State v. Mosby , 14-2704 (La. 11/20/15), 180 So.3d 1274 (per curiam ), where the Louisiana Supreme Court found an enhanced sentence of thirty-years imprisonment, the minimum required under the habitual offender statute in effect at the time, for a seventy-two-year-old grandmother convicted of cocaine distribution and adjudicated a multiple offender, was unconstitutionally excessive and amounted to "the purposeful imposition of pain and suffering." The court vacated the mandated sentence and found a departure from the mandatory minimum was required based on the defendant's present age, her non-violent felony offenses, severe infirmities, and her addiction to crack cocaine at age forty-eight, which resulted in her amassing felony charges beginning at age fifty-two. There, the defendant cared for her mother and daughter and had prior convictions of possession of Schedule II controlled dangerous substances, possession of LSD, and unauthorized entry of a place of business. See also State v. Mosby , 14-0215 (La. App. 4 Cir. 11/26/14), 155 So.3d 99, 111-13.
Defendant also cites State v. Ellis , 14-1170 (La. App. 4 Cir. 3/2/16), 190 So.3d 354, 372-73, writ denied , 14-1170 (La. 5/13/16), 191 So.3d 1057. In that case, the defendant, who was in his fifties, was found guilty of two counts of simple burglary of an inhabited dwelling and was adjudicated a fourth felony offender with prior convictions of possession with intent to distribute cocaine and possession of phencyclidine ("PCP") in 1989, simple burglary of a hospital and its dialysis unit in 1998, and theft of a laptop in 2004. The defendant was sentenced to a mandatory minimum sentence of life imprisonment pursuant to La. R.S. 15:529.1. Id.
On appeal, the Fourth Circuit found that the record was lacking as to the defendant's marital or family history, educational level, employment history, or the status of his medical or mental health, including his addiction history or regarding the likelihood of his rehabilitation. Neither the defendant nor any witnesses testified on his behalf, and thus, little was known besides his past crimes. The trial court also failed to order a PSI report. As a result, the court of appeal found that no sentencing factors were discussed or identified by the sentencing court, which gave great weight to the defendant's most recent crime of simple burglary of an inhabited dwelling. Id. , 190 So.3d at 375. Therefore, because of the scrutiny to be given to a life sentence, it found that the trial court failed *224 to give proper consideration to the defendant's motion for downward departure, vacated his sentence, and remanded the matter for the trial court to hold a meaningful sentencing hearing. Id. , 190 So.3d at 373-78.
Defendant also cites State v. Hall , 14-1046 (La. App. 4 Cir. 5/13/15), 172 So.3d 61, 70-72, writ denied , 2015-0977 (La. 6/5/15), 169 So.3d 348. In that matter, the Fourth Circuit followed Mosby and similarly raised concerns about a defendant's advanced age being a mitigating factor in sentencing. The defendant in Hall was convicted of possession of a small amount of cocaine and was habitually billed based on a prior conviction for drug possession and two simple burglary convictions, all non-violent crimes. As a result of his habitual offender status, the defendant was sentenced to the mandatory minimum of twenty years imprisonment. Id. Noting that the defendant was fifty-six years old, had a life-long drug addiction, and was homeless for much of his life, the court considered that even a twenty-year sentence would mean the defendant would likely die in prison, and "[a]s he advances in age, the cost of imprisoning him will only increase." Id. Finding that the trial court "failed to sentence [the defendant] in accordance with La. C.Cr.P. art. 894.1(C), and in light of the circumstances of the [d]efendant's life, addiction, and history as a non-violent offender," the Fourth Circuit vacated the defendant's sentence and remanded the case for resentencing. Id.
The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for unconstitutional excessiveness only. State v. Brown , 15-96 (La. App. 5 Cir. 9/15/15), 173 So.3d 1262, 1269, writ denied , 15-1872 (La. 10/10/16), 207 So.3d 403. Here, trial counsel objected to the sentence, but did not state any specific grounds for the objection, and no motion to reconsider defendant's sentence was filed. Therefore, defendant did not preserve whether the trial court complied with La. C.Cr.P. art. 894.1, including whether his age and illness were mitigating factors, and is precluded from raising it on appeal. Nevertheless, the Court may review defendant's sentence for unconstitutional excessiveness. State v. Collins , 09-283 (La. App. 5 Cir. 12/8/09), 30 So.3d 72, 86, writ denied , 10-0034 (La. 9/3/10), 44 So.3d 696. See also State v. Lemon , 06-721 (La. App. 5 Cir. 1/30/07), 951 So.2d 1177.
Upon review, we find that defendant's sentence is not unconstitutionally excessive given the nature of the crime in this case, the background of defendant, and sentences imposed for similar crimes by this and other courts. See Pearson , supra . Regarding the nature of the crime, defendant and his brother were well-known distributors of heroin who did so from their residence. Defendant argues that he was only present that day, and that Tyrone was the dealer, as evidenced by the fact that defendant only handed one of the seven tinfoil packets to Tyrone. However, as previously noted, defendant participated in the transaction, and had a past conviction in 2014 for attempted possession with the intent to distribute heroin.
In State v. Williams , 16-600 (La. App. 5 Cir. 6/29/17), 224 So.3d 1194, 1198, writ denied , 17-1332 (La. 4/27/18), 241 So.3d 306, this Court noted:
Though defendant was convicted of simple possession, the facts of this case and defendant's history suggest that he is involved in heroin distribution. It is difficult to overstate the serious nature of any crime involving heroin given the danger the substance presently poses to public health. According to the Centers *225 for Disease Control and Prevention, "[h]eroin-related overdose deaths [in the United States] have more than quadrupled since 2010."
Therefore, although distribution of heroin is a non-violent crime, it is a serious crime given the threat heroin currently poses to public health, which the trial court also noted at sentencing.
As to defendant's background, the PSI report reflects that defendant had a long and varied criminal history, beginning in 1966 with possession of a stolen vehicle. Defendant also had a prior conviction of selling heroin from 1971 and a prior 1974 conviction of armed robbery, a crime of violence, and was sentenced to thirty-seven years in the Department of Corrections. Defendant was released in 1992. Five years later, in 1997, defendant was arrested and pled guilty to third offense driving while intoxicated, and so despite serving a substantial amount of time, defendant nonetheless recommenced his criminal activity. In 1999, defendant was arrested; in 2000, he pled guilty to distribution of crack cocaine. Then, in 2004, defendant pled guilty to theft of goods. As previously mentioned, defendant pled guilty in March of 2014 to attempted possession with intent to distribute heroin and received a ten-year sentence in the Department of Corrections, six of which were suspended, and he was ordered to serve five years active supervised probation upon his release. Defendant was arrested for this offense on October 20, 2016.
Considering only defendant's criminal history, defendant is an eighth felony offender, including one crime of violence. He has served decades in the Louisiana Department of Corrections and has received the benefits of probation and parole, yet continued to engage in criminal activity. Therefore, the record does not support the conclusion that rehabilitation is likely at this point in defendant's life. Although defendant argues Mosby , Ellis , and Hall , supra , on appeal as support that because he is elderly, he should receive a more lenient sentence, this ground was waived by his failure to assert it before the trial court. Nonetheless, unlike those other defendants, the record shows that defendant is a career criminal who has not refrained from engaging in crime.[6] Therefore, both Mosby and Hall , supra , are distinguishable. Ellis , supra , is distinguishable on the grounds that here, the trial court ordered the preparation of a PSI report, which it fully considered in sentencing defendant. The trial court also gave the proper weight to considering the nature of distribution of heroin, given the current threat it poses to public safety. See Ellis , supra .
Although the PSI indicates that defendant had a heroin addiction, the record does not support a conclusion that defendant's drug distribution business was fueled by his own drug-addiction.[7] See e.g. Ellis , 190 So.3d at 375 ("Whether a defendant's crimes were fueled by his or her own drug-addiction (i.e. , needing money to support addiction) is often considered during sentencing in our jurisdiction."). The PSI report indicates that defendant has never been gainfully employed, and several of defendant's prior convictions involved drug distribution. Defendant's daughter testified that she was present at his house on the date of the arrest to lend him *226 money because he did not have any. The PSI also reflects that defendant last completed the fourth grade, cannot read or write, and is disabled and unable to work. Therefore, it appears that defendant's motivation for selling drugs was not solely to fuel his drug addiction, but also provided his financial support.
As previously noted, the evidence at trial also showed that defendant had a prior conviction of attempted possession with the intent to distribute heroin in March of 2014. Detective Tabora testified that during that incident, a struggle occurred with defendant, who was then about sixty-five years old, to recover aluminum tinfoil packets from his person. Defendant attempted to eat the packets, and additional tinfoil packets were found in defendant's room pursuant to a search warrant. Therefore, despite his age and ill health, defendant engaged in a physical confrontation with officers. Following this conviction, defendant again began to engage in drug activity at the same residence with his brother. Therefore, the record shows that defendant has a long history of criminal activity despite efforts to rehabilitate him with incarceration or periods under state supervision.
Lastly, we find that the sentence imposed is similar to those sentences imposed for similar crimes by this and other courts. In State v. Robinson , 50,090 (La. App. 2 Cir. 9/30/15), 179 So.3d 675, 680-81, writ denied , 15-2047 (La. 11/29/16), 210 So.3d 803, the Second Circuit upheld the defendant's mid-range fifty-year second felony offender sentence at hard labor for his conviction of possession with intent to distribute heroin. The defendant had a criminal history spanning thirty years, sold heroin, and noted that rehabilitation was not "a realistic goal for him." Id.
In State v. Henderson , 38,536 (La. App. 2 Cir. 8/18/04), 880 So.2d 169, 170-72, writ denied , 04-2508 (La. 4/29/05), 901 So.2d 1061, the defendant received a sentence of thirty years at hard labor for one count of distribution, which he argued was excessive. The Second Circuit upheld the sentence, noting that the defendant was a fourth felony offender with prior convictions for possession of stolen treasury checks, simply burglary, and distribution of cocaine, which weighed heavily in its decision to uphold the imposition of the maximum sentence. The court also found no abuse of the trial court's discretion in imposing the sentence, as it believed that the defendant was likely to commit further offenses if placed on probation, and a lesser sentence would have deprecated the seriousness of the offense. Id.
In State v. St. Amant , 14-607 (La. App. 5 Cir. 3/11/15), 169 So.3d 535, 538-39, 544-46, the defendant was thirty-six years old and had no history of violent offenses when he was convicted of three counts of distribution of heroin and received twenty years on each count. This Court found that defendant's sentences were not excessive as the facts demonstrated that the defendant sold drugs through the use of several middlemen; he had prior convictions for possession of cocaine; and he received an enhanced sentence significantly less than the maximum sentence of one hundred years. Id.
In conclusion, because of defendant's extensive criminal history, the seriousness of the offense of distribution of heroin to public safety, and defendant's refusal to refrain from criminal conduct despite multiple convictions, we find that defendant's sentence does not shock the sense of justice and is supported by the record. Accordingly, the trial court did not abuse its broad sentencing discretion in sentencing defendant to twenty-five-years imprisonment *227 in the Department of Corrections. This assignment of error is without merit.[8]
ASSIGNMENT OF ERROR NUMBER ONE
Ineffective assistance of counsel at sentencing
In this assignment of error, defendant argues that his trial counsel was ineffective in failing to preserve the grounds to challenge his twenty-five-year sentence for distribution of heroin and in failing to file a motion to reconsider sentence and/or a motion for downward departure after he received what was essentially a life sentence. He asserts that there was a reasonable probability that he would have received a lesser sentence if trial counsel had not performed deficiently in arguing the facts of the case at sentencing. He contends that he was prejudiced by trial counsel's deficiency because the sentence imposed is unconstitutionally excessive.
The State responds that although written motions for reconsideration or for downward departure were not filed, trial counsel argued defendant's age and failing health as factors to be considered by the trial court before the sentence was imposed. Thus, the State contends that it is unlikely that the trial court would have granted such motions even if made. Further, the State asserts that even without the filing of such motions, defendant did not lose his right to have review of his sentence for unconstitutional excessiveness on appeal. It concludes that trial counsel's performance did not fall below the minimum standards, and defendant has not shown how, but for any alleged errors, his sentence would have been any different.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. Casimer , 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the Strickland test, the defendant must show: (1) that counsel's performance was deficient; that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. State v. Dabney , 05-53 (La. App. 5 Cir. 6/28/05), 908 So.2d 60, 63. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland , 466 U.S. at 687, 104 S.Ct. at 2064 ; State v. Serio , 94-131 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, 607, writ denied , 94-2025 (La. 12/16/94), 648 So.2d 388. To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland , 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, rather than on direct appeal, so as to afford the parties an adequate record for review. State v. Robertson , 08-297 (La. App. 5 Cir. 10/28/08), 995 So.2d 650, 659, writ denied , 08-2962 (La. 10/9/09), 18 So.3d 1279. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error *228 on appeal, it may be addressed in the interest of judicial economy. State v. Grimes , 09-2 (La. App. 5 Cir. 5/26/09), 16 So.3d 418, 426, writ denied , 09-1517 (La. 3/12/10), 28 So.3d 1023. Further, the Louisiana Supreme Court has held that La. C.Cr.P. art. 930.3, which sets forth the grounds upon which post-conviction relief may be granted, "provides no basis for review of claims of excessiveness or other sentencing error post-conviction." State ex rel. Melinie v. State , 93-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam ). An ineffective assistance of counsel at sentencing claim is not cognizable in post-conviction proceedings when the sentence imposed by the trial judge is within the authorized range of the sentencing statutes. See State v. Cotton , 09-2397 (La. 10/15/10), 45 So.3d 1030, 1031 (per curiam ). Accordingly, this Court will address the assignment of error.
Generally, the defendant's failure to make a specific objection at the time of sentencing or to file a written motion to reconsider sentence precludes review of a sentence on appeal. State v. Fisher , 03-326 (La. App. 5 Cir. 7/29/03), 852 So.2d 1075, 1084, writ denied , 03-2545 (La. 5/14/04), 872 So.2d 510. However, this Court routinely reviews sentences for unconstitutional excessiveness even in the absence of the defendant's timely objection or the filing of a motion to reconsider sentence. Id. Therefore, trial counsel's failure, in this case, to object on certain grounds or to file a motion to reconsider sentence did not prejudice defendant by denying him such review. See State v. Lewis , 09-783 (La. App. 5 Cir. 5/28/10), 43 So.3d 973, 989.
Although the grounds asserted on appeal for challenging defendant's sentence were not preserved for appeal, we may consider his specific objections to the sentence in order to properly assess his claim of ineffectiveness of counsel. See State v. King , 00-1434 (La. App. 5 Cir. 5/16/01), 788 So.2d 589, 593, writ denied , 01-2456 (La. 9/20/02), 825 So.2d 1157 (where this Court considered the defendant's unpreserved argument that the trial court failed to articulate reasons for his sentence under La. C.Cr.P. art. 894.1 in order to assess his claim of ineffective assistance of counsel).
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. State v. Fairley , 02-168 (La. App. 5 Cir. 6/26/02), 822 So.2d 812, 816, writ denied , 03-1427 (La. 4/23/04), 870 So.2d 290. A defendant must also "show a reasonable probability that, but for counsel's error, his sentence would have been different." Id.
Although appellate counsel argues that trial counsel was ineffective in failing to state any certain grounds after the trial judge noted her objection to the sentence and by not filing a motion to reconsider sentence, the record indicates that prior to sentencing, trial counsel appealed to the trial court for leniency when sentencing defendant. Trial counsel specifically asked the trial court to consider defendant's age and history of mental illness, addiction, and the physical infirmities he suffered with at the time of trial. She also argued that even imposition of the ten-year minimum sentence would result in a tremendous monetary burden on taxpayers in paying for defendant's future medical costs. Therefore, the record is clear that trial counsel argued for the imposition of a lenient sentence given those same factors now advanced by defendant in this appeal, defendant's age and health. Further, the trial judge who sentenced defendant presided over the entire trial and heard all of the evidence. The trial judge reviewed the PSI report prior to sentencing, and she lowered the sentence she originally set out *229 to impose upon seeing the recommendation in the PSI report.
Accordingly, there is no showing that the trial judge would have deviated from the sentence she imposed or would have granted a motion to reconsider sentence if trial counsel had made formal motions. Accordingly, we find that defendant has not supported his claim that he received ineffective assistance of counsel at sentencing. This assignment of error is without merit.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
First, we find that the trial judge erroneously restricted the benefit of parole for ten years of defendant's sentence for distribution of heroin. At the time of the offense, La. R.S. 40:966(B)(4)(a) did not provide any restriction on parole.[9] In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, this Court has corrected the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence "at any time." State v. Gayden , 14-813 (La. App. 5 Cir. 2/11/15), 168 So.3d 766, 768 (citing State v. Sanders , 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam ) ). Accordingly, we amend the sentence by deleting the restriction on parole, and further remand the matter for the trial court to correct the sentencing minute entry to delete the restriction on parole[10] and to transmit the corrected sentencing minute entry to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2) ).
Second, we find that the record fails to reflect that defendant was advised of the time period for seeking post-conviction relief, as required by La. C.Cr.P. art. 930.8. Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications which seek an out-of time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Brooks , 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, 615, writ denied , 12-2478 (La. 4/19/13), 111 So.3d 1030.
CONCLUSION
For the foregoing reasons, defendant's conviction is affirmed, and his sentence is affirmed as amended herein. The matter is remanded for correction of the sentencing minute entry as set forth herein.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF SENTENCING MINUTE ENTRY

See Errors Patent discussion, infra.

Lieutenant Marlon Shuff with the St. Charles Parish Sheriff's Office Special Investigations Division testified as to the manner in which confidential informants are vetted and utilized to assist officers, including aiding officers in locating drug dealers in exchange for non-prosecution of a charge or monetary payments. Lieutenant Shuff was aware that Mr. Brown had "work[ed] off a charge" and had received compensation from the Sheriff's Office for his assistance in the case against defendant for distribution of heroin on September 21, 2016.

Mr. Brown conducted second and third controlled buys of heroin at 415 Boutte Estates under the supervision of Detectives Tabora and Tennison, but defendant was not involved in those transactions.

Assignment of error number two regarding whether defendant's sentence is unconstitutionally excessive is addressed first since its determination affects whether defendant's first assignment of error regarding ineffectiveness of counsel regarding sentencing has merit.

See Errors Patent discussion, infra.

It is further noted that evidence at trial established that defendant had previously given cash to Mr. Brown for items so that Mr. Brown could buy drugs, and thus, defendant seems to have facilitated other drug transactions by giving money to drug users.

Defendant argues that his addiction to heroin should be considered as a factor in deciding whether this Court should grant a downward departure of his sentence.

It is also noted that the State could have filed a habitual offender bill against defendant but did not.

La. R.S. 40:966(B)(4)(a) provided that the sentencing range shall be hard labor for not less than ten nor more than fifty years, with at least ten years of the sentence to be served without the benefit of probation or suspension of sentence. See State v. Sugasti , 01-3407 (La. 6/21/02), 820 So.2d 518, 520.

A Uniform Commitment Order was not contained in the record.